**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| RYAN NICHOLS, | ) | CASE NO: 1:10-cv-2793 |
| | ) | |
| Plaintiff, | ) | JUDGE PEARSON |
| | ) | |
| v. | ) | MAGISTRATE JUDGE VECCHIARELLI |
| | ) | |
| MARGARET BRADSHAW, Warden, | ) | |
| | ) | **REPORT & RECOMMENDATION** |
| Respondent. | ) | |

This matter is before the magistrate judge pursuant to Local Rule 72.2. Petitioner, Ryan Nichols ("Nichols"), challenges the constitutionality of his conviction in the cases of *State v. Nichols*, Case Nos. 05-CR-75-290H, 05-CR-348H, 06-CR-26H, 06-CR-27H (Richland County 2006). Nichols filed in this court a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 on December 9, 2010. For the reasons set forth below, Nichols's petition should be DENIED.

I

The state appellate court hearing Nichols's first direct appeal of his sentencing found the following facts to be relevant to his case:

> {¶ 1} On May 4, 2005, the Richland County Grand Jury indicted appellant, Ryan Nichols, on one count of failing to appear on a personal recognizance bond in violation of R.C. 2937.99 (Case No.2005-CR-290).

{¶ 2} On June 8, 2005, appellant was indicted on one count of safecracking in violation of R.C. 2911.31, one count of receiving stolen property in violation of R.C. 2913.51, and one count of tampering with evidence in violation of R.C. 2921.12, all involving National Electric Supply (Case No.2005-CR-348).

{¶ 3} On January 12, 2006, appellant was indicted on one count of breaking and entering in violation of R.C. 2911.13, and one count of theft in violation of R.C. 2913.02, both involving a Citgo Gas Station (Case No.2006-CR-26). On same date, appellant was indicted on twenty-four counts, including breaking and entering, theft, safecracking, receiving stolen property, criminal damaging in violation of R.C. 2909.06, and possession of criminal tools in violation of R.C. 2923.24, involving numerous businesses (Case No.2006-CR-27). All the charges arose from numerous break-ins in the Mansfield, Ohio area.

{¶ 4} A jury trial commenced on July 10, 2006. The jury found appellant guilty of twenty counts, all the counts in Case Nos.2005-CR-290, 2005-CR-348, and 2006-CR-26, and fourteen counts in Case No.2006-CR-27. The fourteen counts involved the Duke and Duchess Gas Station, Richland Lumber, Washington Floors, the Western Shop, Arby's Restaurant, Hamad Tire, receiving stolen property regarding a Harley motorcycle and possession of criminal tools.[FN1] By judgment entries filed August 15, 2006, the trial court sentenced appellant to an aggregate term of nine and one-half years in prison.

FN1. The trial court had dismissed two of the counts in Case No.2006-CR-27 prior to the case going to the jury.

*State v. Nichols*, 2007 WL 1840865, at *1 (Ohio App. June 25, 2007).

Nichols timely appealed his conviction and sentence. In his brief in support of his appeal, Nichols asserted five assignments of error:

Assignment of Error No. 1:

{¶ 6} The trial court committed prejudicial error to the defendant-appellant by failing to dismiss the charges against him due to a violation of the defendant-appellant's right to a speedy trial pursuant to the Sixth Amendment to the United States Constitution and Article I, Section 10 of the Ohio Constitution.

Assignment of Error No. 2:

{¶ 7} The judgment of conviction must be reversed because it rests upon insufficient evidence in violation of the constitutional guarantees of due process of law.

> Assignment of Error No. 3:
>
> {¶ 8}  The judgment of conviction must be reversed because it is against the manifest weight of the evidence presented at trial.
>
> Assignment of Error No. 4:
>
> {¶ 9}  The trial court erred to defendant-appellant's prejudice and committed plain error when it instructed the jury on the elements of failure to appear pursuant to R.C. 2937.99 because it failed to include the requisite mental state of recklessness.
>
> Assignment of Error No. 5:
>
> {¶ 10}  The trial court erred to defendant-appellant's prejudice when it sentenced him to an additional felony and misdemeanor offense which he was not convicted or found guilty.

On June 25, 2007, the state appellate court sustained Nichols's fifth assignment of error and remanded the case for re-sentencing.  The appellate court otherwise overruled Nichols's assignments of error and affirmed the judgment of the trial court.  Nichols did not appeal the judgment of the state appellate court to the Ohio Supreme Court.

On August 1, 2007, the trial court re-sentenced Nichols to the same sentences it had imposed originally.  On August 8, 2007, the trial court issued an amended entry of re-sentencing as to the sentence for count three in Case No. 05-CR-348H, tampering with evidence, to clarify that the sentence for that count was to be served concurrently with all sentences except the sentences for counts one and two  in Case No. 05-CR-348H, which were to be served consecutively to each other and to all other sentences.  Nichols did not file a direct appeal of this sentence.

On September 18, 2008, Nichols filed in the trial court a motion to correct an illegal sentence, arguing that the trial court had erred by failing to include mandatory post-release control when it sentenced him, thus rendering his entire sentence void.

Nichols cited the holding in *State v. Bezak*, 114 Ohio St. 3d 94, 868 N.E.2d 961 (2007), in support of his argument. On October 3, 2008, the trial court dismissed Ryan's motion as without merit.

On March 31, 2009, Nichols filed a notice of appeal and moved for leave to file a delayed appeal pursuant to Ohio App. R. 5(A). Nichols contended that he had never been served with a copy of the trial court's denial of his motion to correct sentence. The state appellate court agreed with Nichols and found that the time for filing a direct appeal had not expired because there was no record that Nichols had ever been served with a copy of the trial court's decision. The state appellate court, therefore, dismissed Nichols's motion for a delayed appeal as moot and permitted Nichols to file a timely direct appeal. In his merit brief in support of his appeal, Nichols asserted a single assignment of error:

> The trial court abused its discretion when it denied Mr. Nichols' motion to correct illegal sentence, thereby denying him due process of and equal protection under the law in violation of the 14th Amendment to the U.S. Constitution and Article I, Section 16 of the Ohio Constitution.

On August 10, 2009, the state appellate court found both that the trial court had improperly failed to notify Nichols of the imposition of post-release control and had improperly sentenced him to five years of post-release control rather than three years. The state appellate court, therefore, vacated Nichols's sentence and again remanded the case to the trial court for re-sentencing.

On September 11, 2009, the trial court again sentenced Nichols to the original sentence, with the exception that it sentenced him to three years of post-release control instead of five years.

Nichols timely filed a ntoice of appeal to the state appellate court. In his merit brief, Nichols asserted two assignments of error:

Assignment of Error No. 1:

The jury found appellant guilty of misdemeanors on numerous counts as required by State vs. Pelfrey, 112 Ohio St.3d 432, 2007 Ohio 256. The trial court improperly sentenced appellant as if they were felonies in these counts.

Assignment of Error No. 2:

The trial court erred when it sentenced appellant to prison for conviction of misdemeanors.

On June 30, 2010, the state appellate court sustained in part and reversed in part Nichols's first assignment of error, finding that the trial court should not have sentenced Nichols for more than a misdemeanor on the count of failure to appear but that the felony sentences on all other counts were proper. The state appellate court also overruled Nichols's second assignment of error. The state appellate court again remanded the case to the trial court for re-sentencing.

Nichols timely filed a notice of appeal of the state court's decision to the Ohio Supreme Court. In his memorandum in support of jurisdiction, Nichols raised two propositions of law:

Proposition of Law No. 1:

When a trial court imposes sentence based on jury verdict forms that are altered to the point that the additional elements required by R.C. 2945.75(a)(2) are incomprehensible and ambiguous appellant is denied his right to due process of law as guaranteed by the Fourteenth Amendment to the United States Constitution.

Proposition of Law No. 1:

The decision of the appellate court was incorrect because it effectively overturns this court's decision in State ex rel. Carnail v. Mccormick, 2010-Ohio-2671.

On October 13, 2010, the Ohio Supreme Court denied leave to appeal and dismissed the appeal as not involving any substantial constitutional question.

The trial court again re-sentenced Nichols on August 18, 2010. The court sentenced Nichols to a six month's sentence for failure to appear instead of the original sentence of nine months.

Nichols filed in this court a petition for a federal writ of habeas corpus on December 9, 2010. Nichols asserted a single ground for relief in his petition:

> **Ground one**: Petitioner was denied due process and equal protection of the law in violation of the Fourteenth Amendment to the United States Constitution when the trial court imposed a sentence for a felony conviction and the jury verdict forms only authorize a sentence for a misdemeanor conviction.

Respondent filed an Answer/Return of Writ on April 12, 2011. Doc. No. 9. Nichols filed a Reply on May 5, 2011. Doc. No. 12. Thus, the petition is ready for decision.

II

*A. Jurisdiction*

The Court of Common Pleas of Richland County, Ohio sentenced Nichols. Nichols filed his writ of habeas corpus in the Northern District of Ohio and raises claims regarding the constitutionality of his incarceration under 28 U.S.C. § 2254:

> Writs of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions. . . . Where an application for a writ of habeas corpus is made by a person in custody under the judgment and sentence of a State court of a State which contains two or more Federal judicial districts, the application may be filed in the district court for the district wherein such person is in custody or in the district court for the district within which the State court was held which convicted and sentenced him and each of such district courts shall have concurrent jurisdiction to entertain the application.

28 U.S.C. § 2241(a) & (d). Richland County is within this court's geographic

-6-

jurisdiction. Thus, this court has jurisdiction over Nichols's petition.

B.    *Evidentiary hearing*

The habeas corpus statute authorizes an evidentiary hearing in limited circumstances when the factual basis of a claim has not been adequately developed in state court proceedings. 28 U.S.C. § 2254(e)(2). There is no need for an evidentiary hearing in the instant case. Nichols's claim involves legal issues which can be independently resolved without additional factual inquiry.

C.    *Exhaustion of state remedies*

A state prisoner must exhaust all available state remedies or have no remaining state remedies available prior to seeking review of a conviction via federal habeas corpus. 28 U.S.C. § 2254(b) and (c); *Castillo v. Peoples*, 489 U.S. 346, 349 (1989); *Riggins v. Macklin*, 936 F.2d 790, 793 (6th Cir. 1991). If any state procedures for relief remain available, the petitioner has not exhausted state remedies. *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994).

A petitioner must fairly present any claims to the state courts in a constitutional context properly to exhaust state remedies. *Anderson v. Harless*, 489 U.S. 4 (1982); *Picard v. Connor*, 404 U.S. 270 (1971); *Shoultes v. Laidlaw*, 886 F.2d 114, 117 (6th Cir. 1989). "[O]nce the federal claim has been fairly presented to the state courts, the exhaustion requirement is satisfied." *Picard*, 404 U.S. at 275; *see also Harris v. Reeves*, 794 F.2d 1168. 1174 (6th Cir. 1986). The exhaustion requirement is properly satisfied when the highest court in the state in which petitioner was convicted has been given a full and fair opportunity to rule on all the petitioner's claims. *Manning v. Alexander*, 912 F.2d 878, 881-83 (6th Cir. 1990).

The requirement that petitioners exhaust state remedies is a matter of comity between the federal government and the states:

> The exhaustion doctrine is principally designed to protect the state courts' role in the enforcement of federal law and prevent disruption of state judicial proceedings. . . . Because "it would be unseemly in our dual system of government for a federal district court to upset a state court conviction without an opportunity to the state courts to correct a constitutional violation," federal courts apply the doctrine of comity, which "teaches that one court should defer action on causes properly within its jurisdiction until the courts of another sovereignty with concurrent powers, and already cognizant of the litigation, have had an opportunity to pass upon the matter."

*Rose v. Lundy*, 455 U.S. 509, 518 (1982) (quoting *Darr v. Burford*, 339 U.S. 200, 204 (1950)) (other citations omitted). Because exhaustion is a matter of comity, a petition containing unexhausted claims may be denied on the merits. 28 U.S.C. § 2254(b)(2).

Nichols has no state remedies available for his claim. Because no state remedies remain available to him, Nichols has exhausted state remedies.

*D.     Procedural default*

Reasons of federalism and comity generally bar federal habeas corpus review of "contentions of federal law . . . not resolved on the merits in the state proceeding due to respondent's failure to raise them there as required by state procedure." *Wainwright v. Sykes*, 433 U.S. 72, 87 (1977). When a petitioner

> has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

*Coleman v. Thompson*, 501 U.S. 722, 750 (1991). Procedural default occurs when a petitioner fails to present fairly to the highest state court her claims in a federal constitutional context. *O'Sullivan v. Boerckel*, 526 U.S. 838 (1999); *Anderson v.*

*Harless*, 459 U.S. 4 (1982).  A default will be excused if petitioner demonstrates cause and prejudice for the default or demonstrates that not excusing the default "will result in a fundamental miscarriage of justice."  *Coleman*, 501 U.S. at 750.

Respondent argues that Nichols has defaulted his only ground for relief.  According to respondent, Nichols raised his claim in the state appellate court as an error of state law only, not as a federal constitutional claim.  Although Nichols subsequently raised his claim in the Ohio Supreme Court as both a state claim and a federal constitutional claim, respondent argues, this did not cure Nichols's default because any constitutional claim must first be raised in the appellate court before it will be considered by the Ohio Supreme Court.  Consequently, respondent contends that Nichols has defaulted his only ground for relief.  Nichols concedes that he did not raise the claim in the state appellate court as a federal constitutional claim, but he argues that he presented the claim *pro se* in the Ohio Supreme Court as a federal constitutional claim "at his first opportunity."  Reply at 4.  Nichols also argues that the state of Ohio has itself waived the argument of procedural default because it failed to raise the procedural defect at the first available opportunity in its opposition to Nichols's memorandum in support of jurisdiction in the Ohio Supreme Court.

Under Ohio law, a criminal constitutional question cannot ordinarily be raised in the Ohio Supreme Court unless it is first presented in the court below.  *State v. Jester*, 32 Ohio St. 3d, 147, 154, 512 N.E. 2d 962 (1987).  Where the state courts are silent as to the reasons for denying a petitioner's claim, the Sixth Circuit has applied the presumption that the state court "would not have ignored its own procedural rules and would have enforced the procedural bar."  *Simpson v. Sparkman*, 94 F.3d 199, 203 (6th

Cir. 1996).

In the present case, Nichols failed to raise his claim in the state appellate court as a federal constitutional claim.  Although he subsequently raised the claim in the Ohio Supreme Court as a federal constitutional claim, this court must assume from the Ohio Supreme Court's refusal without opinion to consider Nichols's claim that it enforced against Nichols the procedural bar against raising constitutional claims for the first time in the Ohio Supreme Court.

The Sixth Circuit has found that Ohio's rules requiring appellants to raise claims timely in the appellate court when possible before they can be considered by the Ohio Supreme Court advance the state's interest in the regularity of criminal convictions and do not implicate federal law.  *See, e.g., Normand v. McAninch*, 2000 WL 377348, *5 (6th Cir. April 6, 2000).  Such rules, therefore, are an adequate and independent ground on which Ohio may rely to bar federal habeas review.  *Id.*  Consequently, Nichols has defaulted his only claim for relief.

Nichols argues that the state may not enforce this default against him because it failed to raise the procedural defect at the first available opportunity in its opposition to Nichols's memorandum in support of jurisdiction in the Ohio Supreme Court.  Nichols errs.  Federal law does not require the state to raise a failure to follow state procedural rules in briefing to state courts.  It is sufficient that Nichols failed to observe a state procedural rule, the state enforced the rule, the rule is an adequate and independent ground to bar habeas relief, and the state as respondent asserts the procedural bar in this court.  *Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986).

Nichols does not demonstrate cause and prejudice for his default or demonstrate

that failure to enforce the default would result in a fundamental miscarriage of justice. Consequently, the court should enforce the default and dismiss Nichols's claim as procedurally defaulted.

IV.

For the reasons given above, Nichols's sole ground for relief should be dismissed as procedurally defaulted and his petition for habeas relief DENIED.


Date: October 24, 2011                s/ *Nancy A. Vecchiarelli*
                                      United States Magistrate Judge


### OBJECTIONS

**Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days after the party objecting has been served with a copy of this Report and Recommendation. Failure to file objections within the specified time may waive the right to appeal the District Court's order. See *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). See also *Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111.**