PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| RYAN NICHOLS, | ) | |
| | ) | CASE NO. 1:10cv2793 |
| Petitioner, | ) | |
| | ) | |
| v. | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| MARGARET BRADSHAW, | ) | |
| | ) | **MEMORANDUM OF OPINION AND** |
| Respondent. | ) | **ORDER** [Regarding ECF No. 14] |

On October 24, 2011 Magistrate Judge Vecchiarelli filed a Memorandum of Opinion and Order recommending that Petitioner's Writ of Habeas Corpus be denied. ECF No. 13. Petitioner timely filed an Objection. ECF No. 14.

**I.**

When an objection has been made to a magistrate judge's report and recommendation, the district court standard of review is *de novo*. Fed. R. Civ. 72(b)(3). A district judge must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to. *Id*. The district judge may: accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions. *Id.*

Accordingly, the Court has conducted a *de novo* review of the Magistrate Judge's Report and has considered Petitioner's arguments raised in his Objection. The Court adopts the recommendation of the Magistrate Judge that Petitioner's petition be dismissed.

**II.**

Petitioner argues the Magistrate Judge erred in finding his petition is barred based upon

(1:10cv2793)

procedural grounds. ECF No. 14 at 3.

After having been sentenced by the trial court, Petitioner appealed directly to the appellate court on state grounds only. ECF No. 14 at 2. The appellate court affirmed in part and reversed in part. ECF No. 9 at 7. Petitioner then filed a notice of appeal to the Ohio Supreme Court raising, for the first time, federal constitutional issues. ECF No. 14 at 2. The appeal was denied. ECF No. 14 at 2. Petitioner sought a Writ of Habeas Corpus in the instant Court.

The Magistrate Judge determined that Petitioner procedurally defaulted on his claim because he did not raise federal constitutional issues in his direct appeal to the state court. ECF No. 13 at 9. Petitioner only raised federal constitutional claims in his discretionary appeal to the Ohio Supreme Court. ECF No. 13 at 9. Petitioner argues the Ohio Supreme Court "must have invoked the state procedural rule as a basis for its decision to reject review of petitioner's federal claims." ECF No. 14 at 4 . Petitioner quotes *Simpson v. Sparkman*:

> When a state court judgment appears to have rested primarily on federal law or was interwoven with federal law, a state procedural rule is an independent and adequate state grounds only if the state court rendering judgment in the case clearly and expressly stated that its judgment rested on a procedural bar.

94 F.3d 199, 202 (6th Cir. 1996) (citing *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). Petitioner's argument is misplaced.

In the instant case, as with the petitioner in *Simpson*, the state court denied the appeal without addressing the merits of Petitioner's claim. "Therefore, there exists no basis on which to determine whether the [state court] considered the federal question presented by petitioner's challenge...and, consequently, no basis to apply the presumption that the decision does not rest

(1:10cv2793)

on independent and adequate state grounds." *Simpson*, 94 F.3d at 202.  "Instead, we will assume that had the state court addressed petitioner's [constitutional] claim, it would not have ignored its own procedural rules and would have enforced the procedural bar."  *Id*. at 203.

Ohio law provides that a criminal constitutional question cannot ordinarily be raised in the Ohio Supreme Court unless it is first presented in the court below.  *State v. Jester*, 512 N.E. 2d 962 (Ohio 1987).  Therefore, the presumption invoked by *Simpson* is that the Ohio Supreme Court would not have ignored its procedural rule of declining to accept constitutional claims that were not presented in the court below.  The Magistrate Judge relied upon the well-settled law described above to find Petitioner procedurally defaulted on his claim.  Petitioner's objection is denied.

### III.

The Court adopts the Magistrate Judge's Report and Recommendation (ECF No. 13) and denies Petitioner's petition.  The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability.  28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

IT IS SO ORDERED.

  October 4, 2012                                      */s/ Benita Y. Pearson*
Date                                                  Benita Y. Pearson
                                                       United States District Judge